20322. WHITE PROVISION COMPANY *et al. v.* CANDLER.

DECIDED DECEMBER 12, 1930.

*Howell, Heyman & Bolding, Hugh Burgess,* for plaintiffs.
*Tye, Thomson & Tye,* for defendant.

BELL, J. This was an action by White Provision Company and certain individuals against Asa G. Candler Jr., for the alleged breach of a contract by the defendant, based upon his failure to take and pay for certain preferred stock in another corporation, which it was claimed he had agreed with the plaintiffs to purchase. Upon the trial the court admitted certain evidence over objection of the plaintiffs, and directed a verdict in favor of the defendant. The plaintiffs excepted.

The facts were as follows: The defendant Candler and the individual plaintiffs were appointed by the plaintiff corporation (of which Candler was president) to liquidate its affairs, and, while negotiating with another person for the sale of the assets of the company, demanded as one of the terms of the proposed sale that the corporation should have the option to purchase at a named price a certain quantity of stock in a new company which the prospective purchaser proposed to organize in case of his

purchase of such assets of the old company. The person proposing to buy such assets replied that he would grant the desired option to the old company, provided that company would agree to purchase and actually purchase at a price stated a certain number of shares of preferred stock in the new company. The defendant then stated in the presence and hearing of the other members of the committee and of the opposite party to the negotiations that in order to allow the stockholders of the old company to participate in the new corporation, he would underwrite and take over so much of the preferred stock as was not taken by the other stockholders. Thereupon a sale of the assets of the old corporation was consummated, with the option to this company to buy the common stock in the new company, provided the stockholders in the former company purchased the required quantity of preferred stock.

The statement by the defendant that he would underwrite and take over so much of the preferred stock as was not taken by the other stockholders of the old company, followed by the sale of the assets of the old company upon the terms indicated above, did not constitute a contract between him and that company, or between him and the other members of the committee, for the purchase of the preferred stock, and his failure to take and pay for such stock afforded no cause of action to the old company or to the other members of the liquidating committee as for a breach of contract. If a contract resulted between any person and the member of the committee who had thus spoken, it was between him and the purchaser of the assets of the old company, and only the latter could have sued for its breach. From the evidence adduced it affirmatively appeared that the plaintiffs were not entitled to a recovery. The court properly directed a verdict in favor of the defendant.

The result would have been the same had the court excluded the evidence to which the plaintiffs objected. It is therefore unnecessary to pass upon the admissibility of this evidence.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*